## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| KIRBY ALLEN LAUDENSLAGER, | * | CHAPTER 13 |
| Debtor | * | |
| | * | CASE NO. 1:08-bk-01862MDF |
| DEBRA LAUDENSLAGER, | * | |
| Plaintiff | * | |
| | * | |
| v. | * | ADV. NO.  1:10-ap-00258MDF |
| | * | |
| KIRBY ALLEN LAUDENSLAGER, | * | |
| Defendant | * | |

## OPINION

Debra Laudenslager ("Laudenslager") filed an adversary complaint (the "Complaint") seeking a declaration that a certain obligation arising under a marital settlement agreement with Kirby Allen Laudenslager ("Debtor") is not dischargeable in his bankruptcy case. Before me is Debtor's  motion to dismiss the Complaint.  For the reasons that follow, an Order will be entered denying the motion to dismiss, but directing Laudenslager to amend the Complaint.

### I. Factual and Procedural History

On January 29, 2002, Laudenslager and Debtor executed an agreement in anticipation of the dissolution of their marriage.  Under the agreement, Laudenslager was to tender a deed conveying her interest in the marital residence to Debtor in exchange for his promise to pay her $30,147.38, an amount equal to one half of the couple's equity in the property.  Debtor agreed to attempt to refinance the existing mortgage on the property in order to obtain the funds to pay Laudenslager.

On May 23, 2008, Debtor filed the instant Chapter 13 bankruptcy petition and included on his list of unsecured claims $30,147.38 due to Laudenslager.  On June 14, 2008, notice was

served on Debtor's creditors, including Laudenslager, informing them of certain deadlines in the bankruptcy case, including the September 29, 2008 deadline to object to the discharge of certain debts.

On July 20, 2010, Laudenslager initiated the instant proceeding by filing a "Complaint to Determine the Non-dischargeability of Debt." To docket the Complaint, Laudenslager's attorney was required by the Court's electronic case procedures to choose from a list of "docket events." The attorney selected "Dischargeability – 523(a)(15), divorce/sep property settlement/decree." The Complaint does not reference § 523, and the prayer for relief requests "an Order that such debt is non-dischargeable acknowledging that [Debtor] holds [the $30,147.48] primarily in trust for Laudenslager." The first paragraph of the Complaint, however, states that the purpose of the Complaint is "to determine the dischargeability of certain indebtedness owed to Debra Laudenslager by Defendant Kirby Allen Laudenslager." (Complaint, ¶ 1).

On August 6, 2010, Debtor filed the motion that is now before me to dismiss the Complaint. Debtor asserts two grounds for dismissal: first, debts referenced in § 523(a)(15) are not excepted from discharge in a Chapter 13 case; and second, the Complaint is untimely because it was filed beyond the deadline established in the June 14, 2008 notice. Laudenslager filed an answer to the motion to dismiss, and the matter is ready for decision.

**Discussion**

Debtor first argues that the Complaint should be dismissed because the claim for relief is based on § 523(a)(15), which precludes from discharge certain marital debts not otherwise designated as domestic support obligations. Laudenslager responds that this argument is fatally flawed because the Complaint is not based on § 523(a)(15). By its terms (specifically paragraph

2

16), the Complaint is based on the theory that the sum of $30,147.38 is being held by Debtor in constructive trust for Laudenslager's benefit and thus, is "non-dischargeable." Accordingly, because Laudenslager's Complaint is not premised on §523(a)(15), Debtor's first argument is without merit.

Debtor's second argument is similarly unavailing. The deadline established by the June 14, 2008 notice pertains to dischargeability complaints filed under § 523(c), which provides that claims otherwise nondischargeable under § 523(a)(2), (4), and (6) will nonetheless be discharged if the creditor holding the claim fails to file a complaint to determine nondischargeability. In turn, Fed. R. Bankr. P. 4007(b) establishes the sixtieth day after the first date set for the meeting of creditors as the deadline for filing complaints under § 523(c). The Complaint does not reference § 523(c) or request relief under § 523(a)(2), (4), or (6). Accordingly, Fed.R.Bankr.P. 4007(b) is not an express time-bar to the Complaint.

The argument not raised by Debtor but dispositive of the matter is that Laudenslager couches her claim for relief as a request for imposition of a constructive trust while asserting that a debt should be excepted from discharge. However, property held in constructive trust is not one of the enumerated exceptions to discharge set forth in § 523(a). "The exclusive list of exceptions to discharge is found in § 523. . . ." *Baker v. U.S. Through U.S. Dept. of Labor*, 100 B.R. 80, 83 (M.D. Fla. 1989). In passing the Bankruptcy Reform Act of 1978, "Congress evidenced its intent that all nondischargeable debts be set forth in 11 U.S.C. § 523 . . . ." *In re Rowan*, 15 B.R. 834, 840 (Bankr. N.D. Ohio 1981).[1] *Rowan* based its holding in part on a statement contained in the

---

[1]*Rowan* dealt with a post-discharge complaint filed by the debtors therein to determine the dischargeability of a debt to the Social Security Administration ("SSA") resulting from an overpayment of benefits that the SSA had continued to pursue after the closing of the bankruptcy

3

Congressional Record describing the discussions between the chambers of Congress regarding the "policy that all nondischargeable debts should be enumerated in section 523 of title 11." *Id.* at 839, (quoting 124 Cong.Rec.S. 17, 425 (daily ed. Oct. 6, 1978); 124 Cong. Rec. H. 11,108 (daily ed. Sept. 28, 1978)).

Constructive trusts are not mentioned in § 523 because it is an equitable remedy, not a claim. In order to impose a constructive trust, the Court must find that Debtor is holding property either wrongfully acquired or retained and that Debtor would be unjustly enriched if the property were not returned to Laudenslager. *See, City of Philadelphia v. Heinel Motors,* 142 Pa. Super. 493, 502-03, 16 A.2d 761, 765-66 (1940); *Yohe v. Yohe*, 466 Pa. 405, 411, 353 A.2d 417, 420 (1976); *Gee v. Eberle*, 279 Pa. Super. 101, 112, 420 A.2d 1050, 1056 (1980).

A Complaint seeking the imposition of a constructive trust on what otherwise would be estate property under § 541 is within the Court's core jurisdiction under 28 U.S.C. §157(b)(2)(A) ("matters concerning the administration of the estate"). *See In re DeLauro*, 207 B.R. 412 (Bankr. D. N.J. 1997) (constructive trust regarding marital property arose in favor of non-debtor ex-wife upon execution of settlement agreement; debtor ordered to execute documents conveying title to ex-wife because the property "never became property of the bankruptcy estate"). *See also In re Nichols*, 305 B.R. 418 (Bankr. M.D. Pa. 2004) (On date of divorce decree, non-debtor ex-wife obtained an ownership interest in marital property and not a "right to payment." (citing Kansas law)).

---

case. In defending against the complaint, the SSA argued that since the debtors had failed to exhaust their administrative remedies under title 42 of the United States Code and regulations issued thereunder, they were precluded from seeking a declaration that the debt had been discharged. The Court rejected this argument and held that the debt had been discharged along with all other unsecured debts.

4

By alleging that the Complaint was to determine the dischargeability of a debt in the first paragraph of the Complaint, Laudenslager asserts a basis for relief that directly contradicts other allegations of the Complaint that Debtor holds certain sums in constructive trust. Further, the allegations contained in the Complaint that would support the imposition of a constructive trust are sparse. Therefore, although the motion to dismiss the Complaint will be denied, the Court will direct Laudenslager to provide a more definite statement of the grounds for relief under the theory of constructive trust to enable Debtor to frame a responsive pleading. *See* Fed. R. Civ. P. 12(e).

An appropriate order will be entered.

**By the Court,**

_____
Chief Bankruptcy Judge

Date: December 17, 2010

5